UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

Case No. _____

KENDALL AIRPORT COMMERCE CENTER, INC.,

    Plaintiff,

v.

GREAT LAKES INSURANCE SE,

    Defendant.

_____/

## DEFENDANT'S NOTICE OF REMOVAL

### I. INTRODUCTION

Defendant, Great Lakes Insurance SE ("Great Lakes"), removes the action pending in the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida, Case No. CACE-19-013708. The Broward County Circuit Court is within the Fort Lauderdale Division of the Southern District of Florida. Removal is based on diversity of citizenship pursuant to 28 U.S.C. § 1441(a) and 28 U.S.C. §§ 1446(a), (b), and (c), and in accordance with 28 U.S.C. § 1332(a), there being complete diversity of citizenship between Plaintiff, Kendall Airport Commerce Center, Inc., and Great Lakes, and the matter in controversy, exclusive of interest and costs, exceeds the sum of $75,000.00.

### II. PROCEDURAL BACKGROUND AND COMPLIANCE

Plaintiff filed its action in the state court on June 27, 2019.[1] Great Lakes was served with a copy of the Complaint on July 15, 2019 and the deadline to remove this action is thirty days from the date of service. *See* 28 U.S.C. § 1446(b); *Bailey v. Janssen Pharmaceutica, Inc.*, 536

---

[1] A current and correct copy of the Bay County Circuit Court's progress docket is attached as **EXHIBIT A**.

F.3d 1202, 1205 (11th Cir. 2008) ("we interpret § 1446(b) to permit each defendant thirty days [following service of process] in which to seek removal."). Accordingly, Great Lakes' deadline for removal is August 14, 2019. Therefore, this notice is timely pursuant to 28 U.S.C. § 1446(b).

Copies of all process, pleadings, orders, and other papers or exhibits of every kind available to be copied from the state court are attached as **COMPOSITE EXHIBIT B** in compliance with 28 U.S.C. § 1446(a). Great Lakes will file any supplemental papers not available as of the date of this notice if it becomes necessary.

Contemporaneous with the filing of this notice of removal, Great Lakes has served a notice of filing notice of removal upon Plaintiff as required by 28 U.S.C. § 1446(d), a copy of which (without exhibits) is attached as **EXHIBIT C**. The original notice, with exhibits, is being filed with the clerk of the state court in accordance with 28 U.S.C. § 1446(d).

Great Lakes is the only defendant named in this action, and it may remove the action without seeking the consent of any other party. *See White v. Bombardier Corp.*, 313 F.Supp.2d 1295, 1299-1300 (N.D. Fla. 2004); 28 U.S.C. § 1446(b).

As 28 U.S.C. § 1446(a) also requires, the grounds for removal are set forth below.

### III. SUMMARY OF THE GROUNDS FOR REMOVAL

Removal is based on diversity of citizenship pursuant to 28 U.S.C. § 1441(a) and 28 U.S.C. §§ 1446(a), (b), and (c), and in accordance with 28 U.S.C. § 1332(a), there being complete diversity of citizenship between Plaintiff and Defendant, and the matter in controversy, exclusive of interest and costs, exceeds the sum of $75,000.

A.   **Removal is based on diversity of citizenship**

The foregoing action is properly removable to this Court pursuant to 28 U.S.C. § 1441(a) and 28 U.S.C. §§ 1446(a), (b), and (c), and in accordance with 28 U.S.C. § 1332(a), there being

complete diversity of citizenship between Plaintiff and Defendants, and the matter in controversy, exclusive of interest and costs, exceeds the sum of $75,000.

28 U.S.C. § 1332(a)(2) provides in pertinent part:

(a)  The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between—

…

(2)   citizens of a State and citizens or subjects of a foreign state, except that the district courts shall not have original jurisdiction under this subsection of an action between citizens of a State and citizens or subjects of a foreign state who are lawfully admitted for permanent residence in the United States and are domiciled in the same State;

28 U.S.C. § 1332(a)(2).

Here, Plaintiff's estimated/claimed losses, exclusive of attorney's fees, exceeds $217,000.00 as evidenced by Plaintiff's estimate attached to the Complaint. Accordingly, the amount in controversy is sufficient to invoke this court's diversity jurisdiction.

"When a defendant seeks federal-court adjudication, the defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 553 (2014). If a plaintiff challenges a defendant's assertion of the amount in controversy, then "[i]n such a case, both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." *Id.* at 554.

As stated by the House Judiciary Committee Report on the Jurisdiction and Venue Clarification Act of 2011, "defendants do not need to prove to a legal certainty that the amount in controversy requirement has been met. Rather, defendants may simply allege or assert that the jurisdictional threshold has been met. Discovery may be taken with regard to that question. In

case of a dispute, the district court must make findings of jurisdictional fact to which the preponderance standard applies." H.R.Rep. No. 112–10, p. 16 (2011).

Further, Kendall Airport Commerce Center, Inc. is a Florida Corporation whose principal place of business is in the State of Florida.

Great Lakes is a wholly owned subsidiary of Munich RE Group, a German Insurance Company based in Munich, Germany with its principal place of business located therein. Thus, at the time of filing this Removal, there is complete diversity between the parties.

**B.  This Action is filed in Broward County, located in the Fort Lauderdale Division of this Court**

Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

Here, Plaintiff has filed this action in the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida, thereby submitting to the jurisdiction of Broward County as the proper venue.  Broward County is located in the Fort Lauderdale Division of this Court. Accordingly, and without conceding that the current venue is proper, Defendant states that removal to the Fort Lauderdale Division of this Court is proper pursuant to 28 U.S.C. § 1441(a).

### IV. CONCLUSION

Removal is proper because the complaint falls within this Court's jurisdiction pursuant to 28 U.S.C. § 1441(a) and 28 U.S.C. §§ 1446(a), (b), and (c), and in accordance with 28 U.S.C. § 1332(a), there being complete diversity of citizenship between Plaintiff and Defendant, and the matter in controversy, exclusive of interest and costs, exceeds $75,000.  Great Lakes has met all

procedural requisites for removal, and this notice is timely filed. Accordingly, Great Lakes respectfully requests this court take jurisdiction and conduct all further proceedings in this case.

Submitted this August 13, 2019.

By:   */s/ David B. Levin*
Florida Bar No.: 026394
Baker, Donelson, Bearman, Caldwell & Berkowitz, PC
100 S.E. Third Avenue, Suite 1620
Fort Lauderdale, Florida  33394
Telephone:  (954) 768-1600
Telecopier:  (954) 333-3930
dlevin@bakerdonelson.com

### CERTIFICATE OF SERVICE

I hereby certify that on August 13, 2019, I served a copy of the foregoing Notice of Removal electronically via CM/ECF or via U.S. mail to all parties/attorneys on the list to receive service/notice in this case, including but not limited to the following:

Ramon J. Diego, Esq.
Law Office of Ramon J. Diego, P.A.
The Presto Building
5001 SW 74th Court, Suite 103
Miami, FL 33155
eservice@rjdiegolaw.com
Attorneys for Plaintiff

*/s/ David B. Levin*